UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DALLMAN ACQUISITION, LLC,

  Plaintiff,          Case No. 2:10-cv-007
                 JUDGE GREGORY L. FROST
 v.               Magistrate Judge E.A. Preston Deavers

ERNEST R. DALLMAN, et al.,

  Defendants.

## OPINION AND ORDER

This matter is before the Court on the Motion to Reconsider Court's Order Denying in Part Defendant's Motion for Summary Judgment. (Doc. # 33.) For the reasons that follow, the Court **DENIES** that motion.

### I. Background

On November 23, 2010, Defendant Dunbar, Cook & Shepard, P.C. ("DC&S") filed a motion for summary judgment on the two claims Plaintiff filed against it, *i.e.*, fraud and negligent misrepresentation. (ECF No. 22.) On March 1, 2011, this Court granted DC&S's motion as it related to the negligent misrepresentation claim and denied the motion as it related to the fraud claim. (ECF No. 32.) DC&S now moves for reconsideration of the portion of this Court's Opinion and Order that denied its motion for summary judgment.

### II. Standard

The United States Court of Appeals for the Sixth Circuit has set forth three circumstances under which "courts will find justification for reconsidering interlocutory orders": (1) when there is "an intervening change of controlling law; (2) new evidence available; or (3) a need to

1

correct a clear error or prevent manifest injustice." *Louisville/Jefferson Co. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citation omitted).  DC&S claims that it is entitled to reconsideration to correct a clear error.

### III.  Discussion

DC&S argues that a statement in the Court's Opinion and Order is incorrect and that this incorrect statement caused the Court's determination that DC&S was not entitled to summary judgment on Plaintiff's fraud claim to be incorrect.  Specifically, DC&S asserts:

> The Court's assumption, that "it is apparently undisputed that the draft AFS did not accurately reflect the financial condition of the Corporation at the time Plaintiff entered into the Asset Transfer Agreement," is incorrect. (Order, p. 14). To the contrary, it is precisely because there is no evidence in the record to demonstrate the draft AFS was "inaccurate" or "incorrect" in any aspect, either at the time it was created or at the time Plaintiff entered into the Asset Transfer Agreement, that summary judgment must be granted in favor of DC&S.

(ECF No. 33 at 2.)  DC&S's argument is not well taken.

The Court disagrees with DC&S's assessment that there is no evidence in the record to demonstrate that the draft AFS was inaccurate or incorrect in any aspect.  DC&S's principal, Nicholas Dallas, admitted that the draft AFS reflected incomplete conclusions regarding the financial position of Dallman Industrial Corporation in 2003 because DC&S needed "additional information" that it had not received when the draft AFS was completed.  If the draft were indeed incomplete then it could not possibly be an accurate and correct reflection of the financial status of the Corporation in 2003, which is what the draft AFS purported to be:

> We have audited the accompanying balance sheet of Dallman Industrial Corporation (an Indiana Corporation) as of December 31, 2003, and the related statements of operations and comprehensive loss, changes in equity, and cash flows for the year then ended. . . .
>
> . . .

2

> In our opinion, the financial statements referred to in the first paragraph present fairly, in all material respects, the financial position of Dallman Industrial Corporation as of December 31, 2003, and the results of its operations and its cash flows for the year then ended in conformity with accounting principles generally accepted in the United States of America.

(Dallas Dep., Ex. 21, May 12, 2010, ECF No. 29); *see also* (Klisares Dep. 59:6-9, 263:3-11, May 20, 2010, ECF No. 25) (testifying that he informed Dallas in no uncertain terms that the purchase of the Corporation was being based on the draft AFS and Dallas's assurances that the draft AFS contained numbers that were final).

DC&S is perhaps confused by the Court's use of the phrase "did not accurately reflect." The phrase does not indicate that the information contained in the draft AFS is inaccurate in and of itself. Indeed, Plaintiffs do not appear to contest that the figures contained in the draft AFS are accurate. The Court did not state that the figures contained in the draft AFS were inaccurate or incorrect. Instead, the Court stated that the draft AFS "did not accurately reflect the financial condition of the Corporation[,]" which is a correct statement. In order for the draft AFS to accurately reflect the financial condition of the Corporation it would have needed to contain the "additional information" to which Dallas referred. Therefore, while DC&S certainly argues that it is disputed whether the draft AFS is inaccurate, the testimony from its principal indicates otherwise.

Accordingly, the Court finds that its previous conclusion shall not be altered:

> Based on the foregoing testimony about Dallas's statements to Klisares and the statements made in the draft AFS, a reasonable jury could find that Dallas made knowing misrepresentations to Klisares upon which Plaintiff relied to its detriment. That is, Dallas's testimony indicates that he lacked all of the facts necessary to make a representation that the draft AFS fairly presented the financial position of the Corporation. Yet, if Klisares is to be believed, that is exactly what Dallas represented to him. And, regardless of the fact that the draft AFS indicated that it

3

was a "draft," nowhere in the document did it indicate that the conclusions reached could be altered upon further investigation. Indeed, just the opposite. (*See* Dallas Dep., Ex. 21, May 12, 2010, ECF No. 29) ("in all material respects" the draft AFS reflects "the financial position of Dallman Industrial Corporation as of December 31, 2003"). Therefore, the Court concludes that, accepting Plaintiff's evidence as true and drawing all justifiable inferences in its favor, there are genuine issues of material fact as to whether Plaintiff was fraudulently induced to authorize the Industries to enter into a contract to purchase the Corporation. Thus, the Court **DENIES** DC&S's Motion for Summary Judgment as it relates to Plaintiff's fraudulent inducement claim.

(ECF No. 32 at 16.)

### IV. Conclusion

Based on the foregoing, the Court **DENIES** the Motion to Reconsider Court's Order Denying in Part Defendant's Motion for Summary Judgment. (Doc. # 33.)

**IT IS SO ORDERED.**

            **/s/ Gregory L. Frost**
            **GREGORY L. FROST**
            **UNITED STATES DISTRICT JUDGE**